27372. PAUL *v.* GEORGIA RAILROAD & BANKING CO.

DECIDED JULY 12, 1939. REHEARING DENIED JULY 26, 1939.

*W. Tom Veazey, T. R. Burnside, J. G. Faust,* for plaintiff.
*Noel P. Park, Miles W. Lewis,* for defendant.

GUERRY, J. W. A. Paul brought an action in tort for personal injuries against Georgia Railroad & Banking Company and made the following allegations: Plaintiff's work was the unloading of cars of gravel which had been placed on a siding near a crane and bin, placed by his employer on or near the railroad siding. When a car was unloaded plaintiff was required, as a part of his duties, to move such car away from the bin by means of a crow or pinch bar, and by the same method place a loaded car in position to be unloaded by such crane. The defendant had knowledge of the methods used by the plaintiff's employer, and such methods were consented to and authorized by the defendant. On April 7, 1937,

the defendant placed several cars of material for a construction company at a point on its track or side track near said crane and bin, from which point it was down grade to the crane and bin referred to, knowing that such cars would have to be moved, one at a time, from the point where they were left by the defendant, to the crane and bin for the purpose of unloading as was authorized by the defendant. On said date the plaintiff and his co-laborers had moved all of said cars loaded with road material to the crane and bin, except two, and had unloaded them, when they went back up the track to move the next to the last loaded car, and began moving it down to the bin, leaving the last loaded car standing in place on the track. It was to be next moved when the other car had been unloaded. After the plaintiff and his co-laborers had moved the next to the last car but a short distance down the track, and while they were still moving such car to the crane and bin, "plaintiff looked around and saw the last car had started rolling toward them, he was engaged in moving the car immediately ahead of the rolling car and was standing between the two cars, and when plaintiff saw the last car rolling toward him it was right on him and too close for him to get out of the way; he made an effort to get out of the way of the rolling car by grabbing a crossbar on said car with the intention of trying to get on it and avoid being injured, and also had in mind the applying of the brakes on the rolling car, but it was too close to plaintiff for him to get out of the way and he was knocked down and thrown under the wheels." His right leg was cut off above the knee and he sustained other described injuries for which he sues. The specific acts of negligence alleged were the placing by the defendant of the loaded cars, for the purpose of having the plaintiff and others move them, on the inclined track, without any brakes applied on the last car, and without making it secure and stationary so that it would not roll when the other cars were uncoupled therefrom; and placing such cars in such described positions knowing plaintiff and his co-laborers would have to move, and were inexperienced in moving, such cars.

The petition set out a cause of action. Tested by demurrer and construed most strongly against the plaintiff it does not show that the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence. The petition al-

leged that the plaintiff had the right to expect that the defendant had exercised ordinary care in placing said car and in applying the brakes so that it would not move when the car in front of it was moved. It alleged that after the front car had been moved a short distance the plaintiff discovered that the last car was rolling toward him and was about to catch him between the cars, and that when he discovered this it was too late for him to get out of the way, although he did everything possible. This allegation makes a jury question and it was error to sustain the general demurrer.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J. dissents.*